# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SAM S. CHAVEZ,
on behalf of BILL CHAVEZ,

      Plaintiff,

vs.                                                                 Civil No. 94-0381 M/WWD

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

1.   This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed December 29, 1999 **[docket # 21]**.  Mr. Chavez' father is proceeding with the appeal on behalf of Plaintiff, who is now deceased.  Mr. Chavez was 39 years old at the time he filed this appeal.

2.   This is the second application for benefits filed by Plaintiff.  The first was filed on August 24, 1989, with an alleged onset date of June 2, 1989, which was denied.  The Appeals Council denied a request for review and Plaintiff appealed to federal court, but subsequently dismissed the appeal.

3.   Plaintiff filed a second application on October 28,1991.  In this application, Plaintiff alleged a disability due to reflex sympathetic dystrophy ("RSD") of the right leg and knee and high blood pressure, and, based on the evidence, psychological problems as well.  The ALJ denied the application, finding that although Mr. Chavez had severe impairments, he could perform

sedentary work that exists in sufficient numbers in the national economy. The Appeals Council

again denied a request for review. Mr. Chavez appealed to federal court.

4. The case was remanded to the Commissioner for the following additional proceedings:

for the ALJ to consider the Crawford management report and the MMPI-2 report and

psychological observations by Helen Kirkpatrick, M.A., and for the ALJ to make a determination

under Trimiar v. Sullivan, 966 F.2d 1326, 1328-29 (10th Cir. 1992) regarding whether there were

a significant number of jobs in the economy which Plaintiff could perform.

5. A hearing on remand was held two years later.[1] At the hearing, Plaintiff amended his

alleged onset date to November 2, 1990, the date after the prior decision by the ALJ which found

Plaintiff not disabled. The ALJ used the services of a vocational expert ("VE") at the hearing. He

concluded that Mr. Chavez has the following severe impairments: RSD, status post right shoulder

decompression, status post multiple arthroscopic knee surgeries, chronic pain syndrome and

somatoform disorder. However, the ALJ found that although Plaintiff could not perform past

relevant work as carpenter and aviation terminal clerk, he nevertheless has the ability to perform a

wide range of sedentary work.

6. Mr. Chavez again appealed to the Appeals Council, which denied review, thus the

ALJ's decision is the final decision of the Commissioner. Plaintiff now seeks review of that final

decision pursuant to 42 U.S.C. §405(g).

7. The standard of review in social security appeals is whether the Commissioner's final

decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v.

---

[1] The delay was apparently due to the misplacement of the files by Appeals Council. Tr. at 506.

Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id.

(citation omitted). Social Security Regulations require the Commissioner to evaluate five factors

in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f);

416.920. The sequential evaluation process ends if at any step the Commissioner finds that the

claimant is disabled or not disabled. Id. (citations omitted).

      8. Plaintiff raises the following allegations of error with respect to the ALJ's decision:

(1) the ALJ's use of answers to questions propounded to the vocational expert is improper,

because the information provided to the expert was contrary to the evidence and because the

expert used information contradicted by the Dictionary of Occupational Titles; (2) the ALJ's

finding that Mr. Chavez' mental impairment does not reduce his RFC below a full range of

sedentary work is not supported by substantial evidence and is contrary to law and the mandate of

this Court; and (3) the ALJ improperly determined that Mr. Chavez' complaints of pain are not

disabling.

**First Alleged Error**

      9. Plaintiff contends that the ALJ's use of answers to questions propounded to the

vocational expert is improper, because the information provided to the expert was contrary to the

evidence and because the expert used information contradicted by the Dictionary of Occupational

Titles. The ALJ adopted VE's opinions that there are a significant number of jobs in the regional

economy that Plaintiff was able to perform. Tr. at 497-98. I find no merit to any of the three

challenges to the ALJ's reliance of the VE's testimony.

      10. First, the VE's incorrect citation to a light clerk position in the Dictionary of

Occupational Titles ("DOT") is, as Defendant contends, harmless error where the DOT lists numerous other entry clerk positions which *are* sedentary. Tr. at 532. The VE in the previous hearing had testified that there were at least 1,000 such positions in New Mexico alone. Tr. at 608. Remanding the case on this basis to correct what is essentially a clerical oversight would be a pointless use of administrative resources.[2]

11. Second, Plaintiff's contentions that the VE did not identify the number of jobs available for telephone solicitor or that 54 jobs for surveillance security is not a significant number have no merit since the VE did identify one occupation in which a significant number of jobs existed, the clerk position. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (step five is satisfied by evidence that just one or two occupations have a significant number of jobs available).

12. One of the hypotheticals included the need for Plaintiff to keep his leg elevated all the time while sitting. Tr. at 533. The VE testified that this factor generally eroded the job market. I find that the ALJ did not err in incorporating this result in his decision, where the only evidence in the record regarding Plaintiff's need to elevate his leg constantly came only from Plaintiff himself. Tr. at 521, 527-29.

13. While Plaintiff's RSD condition caused a need to elevate his leg at times, the medical evidence indicates that constant immobility and raising was never ordered or suggested. In fact, Plaintiff was recommended strength training and exercise. See, e.g., Tr. at 685, 700. A claimant's statements about symptoms will not alone establish disability. Rather, the ALJ must consider

---

[2] Plaintiff's reliance on Haddock v. Apfel, 196 F.3d 1084 (10th Cir. 1999), superseding 183 F.3d 1225, 1229 (10th Cir. 1999) is misplaced. Haddock involved a conflict between work levels and skill requirements, and the court questioned the sufficiency of the evidence as to both elicited by the ALJ. The issue in the present case does not involve, as Plaintiff contends, a need to "parse the regulations and rulings," but rather a simple DOT cite correction.

medical signs and findings to support such testimony. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (citation omitted); see 20 C.F.R. § 404.1529. The ALJ did not ignore the issue. His decision reflects the fact that Plaintiff's need to elevate his leg was taken into consideration, but for 20 to 30 minutes for two hours a day. Tr. at 495, 496, 531. Thus, I find no merit to this first allegation of error.

14. My findings on this issue necessarily must assume that the hypotheticals posed to the ALJ reflected the record, since this first allegation does not challenge the integrity of the hypotheticals. As indicated further along in these findings, however, the ALJ did err on the latter basis.

**Second Alleged Error**

15. Plaintiff next contends that the ALJ's finding that Mr. Chavez' mental impairment does not reduce his RFC below a full range of sedentary work is not supported by substantial evidence and is contrary to law and the mandate of this Court. Plaintiff's challenge is two-fold: first, that the ALJ ignored the remand order of this Court and failed to consider the limitations found by Ms. Kirkpatrick; second, that he failed to consider the impact of Plaintiff's mental impairment on his ability to perform in the workplace on a consistent basis.

16. Ms. Kirkpatrick's observations concerned four elements that were considered to interfere with Plaintiff's ability to work: elevated levels of anxiety, tendency toward excessive behavior, excessive concern regarding health issues and attitude of cynicism. Tr. at 421, 609. In the previous hearing, the VE opined that when these limitations were taken into account, the number of jobs in the economy otherwise available would be reduced by 95%.

17. I agree with Plaintiff that in the most recent hearing the ALJ did not consider Ms.

Kirkpatrick's observation, but instead merely recited what her observations were. <u>Tr. at 480</u>.

When the ALJ made findings related to Plaintiff's functional capacity and the number of available jobs, <u>Tr. at 494-96</u>, Ms. Kirkpatrick's observations were not mentioned, and although the ALJ stated that the VE was "apprised of [Plaintiff's] exertional and non-exertional limitations," the relevant discussion centered completely and only on Plaintiff's physical limitations.

18.    Defendant attempts to minimize the ALJ's failure to consider Ms. Kirkpatrick's observations by stating that Ms. Kirkpatrick's observations were not supported by the record and that the Psychiatric Review Technique Form completed by the ALJ also properly reflects the evidence. I find, however, that the observations are all the more critical because they are supported by the other psychological evidence in the record. James Butcher, Ph.D. re-administered an MMPI in January 1993 and concluded that his "negative work attitudes . . . could limit his adaptability in the work place. His low morale and disinterest in work could impair future adjustment to employment. . . " <u>Tr. at 427</u>.

19.    In this case, the ALJ did not discuss the uncontroverted evidence which does not support his findings, nor discuss his reasons for rejecting this evidence as he is required to do. <u>See</u> <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). For example, although the ALJ gave a synopsis of Dr. Butcher's findings, he failed to examine the report in light of Ms. Kirkpatrick's observations as well as why he chose not to rely on the findings in both reports. The omission is particularly serious in light of the direction that the Court gave for purposes of remand as well as the fact that the findings in the reports were inconsistent with the conclusions the ALJ made in the PRT.

20.    Therefore, as Plaintiff correctly contends, the first VE's testimony (that Plaintiff's

psychological limitations, based on Ms. Kirkpatrick's observations, significantly reduces the number of available jobs), stands uncontroverted.

21.  Defendant argues that even if the prior VE's testimony was accepted, there would still be a significant number of jobs Plaintiff could have performed.  According to that VE's testimony, a 95% reduction of available jobs in the state of New Mexico would leave the following available: receptionist or information clerk- 210 positions; counter rental clerk - 53 positions; cashier - 150. Tr. at 610-13.

22.  I do not find this number to be significant, particularly when it reflects not the number of jobs in Plaintiff's local area, but the entire state.  See  Trimiar, 966 F.2d at 1330 (noting that this circuit has never drawn a bright line establishing the number of jobs necessary to constitute a "significant number" but rather leaving the question to be resolved by the ALJ's "common sense in weighing the statutory language as applied to a particular claimant's factual situation").

23.  Because the number of available jobs Plaintiff could have performed is not significant, remand would serve no purpose.

**Third Alleged Error**

24.  Plaintiff alleges that the ALJ improperly determined that Mr. Chavez' complaints of pain are not disabling.  My findings on Plaintiff's second alleged error renders it unnecessary to address this last issue.  Even assuming the ALJ's findings regarding Plaintiff's complaints of pain to be based on substantial evidence and not contrary to law, the error made at step five (where the Commissioner has the burden to show that claimant can work) mandates reversal, not remand.

25.  Reversal is appropriate where, as in this case, additional fact finding would serve no

useful purpose.  <u>Sorenson v. Bowen</u>, 888 F.2d 706, 713 (10th Cir. 1989).  It is within this Court's discretion to reverse the decision of the Secretary and to direct the Secretary to award the appropriate benefits.  42 U.S.C. § 405(g). The Commissioner's decision should be reversed and full awards should be awarded to Plaintiff.

## Recommendation

I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing **[docket # 21]** be GRANTED in that the Commissioner's decision be reversed, and further recommend that Plaintiff be found to have a disability as defined by the social security regulations, and that full benefits be awarded for the relevant insured period.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE